UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PERRY MACKALL,

    Plaintiff,                                CASE NO. 05-CV-10103

v.                                           DISTRICT JUDGE DAVID M. LAWSON
                                              MAGISTRATE JUDGE CHARLES BINDER
R. SMITH, *et al.*,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that this case be ***SUA SPONTE DISMISSED WITH PREJUDICE*** for failure to state a claim upon which relief may be granted.

**II.    REPORT**

    **A.    Introduction**

This *pro se* prisoner civil rights case brought pursuant to 42 U.S.C. § 1983 was referred to the undersigned Magistrate Judge for general case management by United States District Judge David M. Lawson. (Dkt. 4.) The case is one of thirty-two cases filed by Plaintiff on March 24, 2005, in the United States District Court for the Western District of Michigan. Twenty of those cases, including this one, were transferred to this Court on the basis of venue.

Plaintiff is currently housed at the Michigan Department of Correction's Deerfield Correctional Facility in Ionia, Michigan, but his claim against R. Smith in this case stems from a 2004 period of incarceration at the MDOC's Pine River Facility in St. Louis, Michigan. Plaintiff's

application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) was granted on June 13, 2005. After screening the *pro se* prisoner complaint, I conclude that the case is ready for Report and Recommendation.

### B. Standard of Review

This case is subject to screening under two separate provisions of the United State Code – one that applies to civil complaints filed by prisoners, 28 U.S.C. § 1915A,[1] and one that applies to civil complaints filed *in forma pauperis*. 28 U.S.C. § 1915(e).[2] Pursuant to these statutes, as well as 42 U.S.C. § 1997e(c)(1),[3] the Court is to *sua sponte* dismiss the case before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

---

[1] 28 U.S.C. § 1915A provides in pertinent part:

(a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
   (2) seeks monetary relief from a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915(e)(2)(B) provides in pertinent part that,

[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . .

   (I)  is frivolous or malicious;
   (ii) fails to state a claim on which relief may be granted; or
   (iii) seeks monetary relief against a defendant who is immune from such relief.

[3] 42 U.S.C. § 1997e(c)(1) provides that

[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

A case is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989). When determining whether a complaint fails to state a claim for relief, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)); FED. R. CIV. P. 12(b)(6). Although federal courts are required to liberally construe the pleading of a *pro se* plaintiff and to hold it to a less stringent standard than a similar pleading drafted by attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), a *pro se* plaintiff's complaint nevertheless must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). A claim brought under 42 U.S.C. § 1983 requires proof of two essential elements: (1) the defendant was a person acting under the color of state law; and (2) the defendant deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States of America. *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996).

**C.     Discussion**

Plaintiff alleges in his *pro se* complaint that he "was forced to dwell in a smoke-filled unit on a top bunk, despite of [sic] the documents in my files that stated that I was disabled and have Asthma." (Compl. at 6.) Plaintiff states that he sent a kite to Assistant Deputy Warden R. Smith, but she "ignored" his request to be moved. He claims that she "knew or should have known" that she was violating MDOC operating policies and the laws of the United States. (*Id.*)

3

I suggest that this case be *sua sponte* dismissed with prejudice for failure to state a claim. It is well-established that to state a federal civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege the personal involvement of each defendant. *See, e.g., Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-92, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) (liability under § 1983 cannot be based upon a theory of *respondeat superior*); *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (supervisory defendant must have been personally involved, encouraged or condoned the alleged misconduct); *Kesterson v. Moritsugu*, No. 96-5898, 1998 WL 321008 at **4 (6th Cir. 1998) (a plaintiff must "allege that a specific defendant performed a specific act that suffices to state a claim"). Plaintiff has not done so with regard to Defendant Smith. He failed to allege facts indicating that ADW Smith took any action with regard to his cell placement. The only allegation against Defendant Smith is that she failed to answer Plaintiff's kite. This is not sufficient to state a claim. The Sixth Circuit has held that "supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act. Instead the liability must be based upon active unconstitutional behavior." *Salehphour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998).

Furthermore, to state a claim under § 1983, a plaintiff must allege that the deprivation of his rights was intentional. An "injury caused by negligence does not constitute a deprivation of any constitutionally-protected interest" and a claim that officials have engaged in negligent conduct does not state a claim under § 1983. *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 127-28, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992). Plaintiff here asserts that Defendant Smith "ignored [his] request for a proper placement in a non-smoking unit," but he does not set forth any facts to indicate that she engaged in conduct that was intentional in the constitutional sense. Indeed, he alleges merely that she "knew or should have known" that ignoring his kite

4

deprived him of his constitutional rights, not that she intended to do so.  Accordingly, I suggest that the complaint is subject to dismissal for failure to state a claim.

Alternatively, I suggest that the claim against Defendant Smith be *sua sponte* dismissed without prejudice for failure to demonstrate exhaustion of administrative remedies.  Pursuant to the Prison Litigation Reform Act, prisoners are required to exhaust all available administrative remedies prior to filing suit.  42 U.S.C. § 1997e(a).  The MDOC provides prisoners with a three-step grievance procedure for bringing forward their concerns and complaints.  *See generally* MDOC Policy Directive 03.02.130.  To have administratively exhausted a § 1983 claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of that specific defendant at Step One of the grievance process.  *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003).  Moreover, to meet the burden of demonstrating exhaustion to the Court, a prisoner must "plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and outcome." *Knuckles-El v. Tombs*, 215 F.3d 640,642 (6th Cir. 2000).

In this case, Plaintiff did not attach any grievance documentation to his complaint. Therefore, to have satisfied the exhaustion requirement, he must have "describe[d] with specificity the administrative proceeding and outcome." *Knuckles-El*, 215 F.3d at 642.  Plaintiff failed to do so.  Instead, he merely averred that "[t]he grievance procedure that this writer went through, changed nothing as far as ADW Smith was concerned, the grievance was denied" (compl. at 6) and provided a grievance identification number. (*Id*. at 5.)  Plaintiff's statement and grievance number, however, fail to meet the requirement of specifically describing the administrative proceeding and the outcome.  Indeed, Plaintiff has failed to allege or demonstrate that he ever named Defendant

5

Smith in a Step I grievance that was appealed through Steps II and III of the process. Accordingly, I suggest that the complaint is alternatively subject to *sua sponte* dismissal without prejudice for failure to comply with the exhaustion rule of 42 U.S.C. § 1997e(a), which is a "mandatory threshold requirement in prison litigation." *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

Finally, I note that although the only defendant listed in the caption of the complaint is R. Smith, Plaintiff attached to his complaint a list of numerous other individuals who were also docketed as defendants in this case. Plaintiff, however, did not make any allegations against them in the body of his complaint. Instead, he filed separate actions against them in this Court and in the United States District Court for the Western District of Michigan. Accordingly, I suggest that Plaintiff has failed to state a claim against these other defendants in this particular action, *see Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir. 1986) (some factual basis for § 1983 claims must be set forth in the pleadings), and therefore suggest that the complaint be dismissed with prejudice as to these additional defendants as well.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Services*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*,

829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                 s/ *Charles E. Binder*
                                                 CHARLES E. BINDER
Dated: July 28, 2005                    United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and served in the traditional manner on Perry MacKall and Honorable David M. Lawson.

Dated: July 28, 2005                  By      s/Mary E. Dobbick
                                                  Secretary to Magistrate Judge Binder